UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TERRY PETER AUTHEMENT, JR.                    CIVIL ACTION

VERSUS                                        NUMBER: 07-2779

STATE OF LOUISIANA, ET AL.                    SECTION: "K"(5)

                    **REPORT AND RECOMMENDATION**

Presently before the Court is the Rule 12(b)(1) and (6) motion to dismiss of defendant, the State of Louisiana, and plaintiff's opposition thereto. (Rec. docs. 11, 13). For the reasons that follow, it is recommended that defendant's motion to dismiss be granted.

Pro se plaintiff, Terry Peter Authement, filed the above-captioned complaint pursuant to 42 U.S.C. §1983 against numerous defendants, including the State of Louisiana. (Rec. doc. 1). Plaintiff alleges that on March 17, 2006, while incarcerated at the Terrebonne Parish Criminal Justice Complex ("TPCJC"), he was placed in a cell with inmate Marieo Ernst, despite Ernst's warning to the prison guard that if that "white boy", i.e., Authement, was placed in the cell with Ernst, "I will rape him". Plaintiff states that Ernst, in accordance with his threat, raped him the

following morning.  Approximately 24 hours later, on March 19, 2006, Authement "was sent to the E.R." where he was treated for a dislocated right shoulder and "sexual assault".

Defendant, the State of Louisiana, moves for the dismissal of plaintiff's action based on its entitlement to immunity under the Eleventh Amendment to the United States Constitution.  In his opposition to defendant's motion, plaintiff asserts that the State "should not be granted Eleventh Amendment immunity" because the State governs and funds the facility, i.e., the TPCJC, where the incident, specifically, his rape, occurred.

It is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacities.  <u>Champagne v. Jefferson Parish Sheriff's Office</u>, 188 F.3d 312, 313 (5th Cir. 1999)(citing <u>Voisin's Oyster House v. Guidry</u>, 799 F.2d 183, 185 (5th Cir. 1986)). Moreover, neither states, their departments, or their officials acting in their official capacities are considered to be "persons" within the meaning of §1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304 (1989); <u>Anderson v. Phelps</u>, 655 F.Supp. 560, 563-64 (M.D. La. 1985).  The sovereign immunity embraced by the Eleventh Amendment is jurisdictional in nature.  <u>Cozzo v. Tangipahoa Parish Council</u>, 279 F.3d 273, 280 (5th Cir. 2002)(citing <u>Koehler v. Unites States</u>, 153 F.3d 263, 267 (5th

Cir. 1998)).

Because plaintiff's claims against the State of Louisiana are barred by Eleventh Amendment immunity, the State's motion to dismiss should be granted and plaintiff's claims against the State should be dismissed.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that the motion to dismiss filed on behalf of the State of Louisiana be granted and that plaintiff's claims against the State of Louisiana be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this   5th   day of  September  , 2007.

_____
UNITED STATES MAGISTRATE JUDGE