```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


TERRY PETER AUTHEMENT, JR.                CIVIL ACTION

VERSUS                                    NUMBER: 07-2779

STATE OF LOUISIANA, ET AL.                SECTION: "K"(5)
```

### ORDER AND REASONS

This matter is before the court pursuant to a motion for summary judgment filed on behalf of defendant, the Terrebonne Parish Consolidated Government ("TPCG").[1] Pro se plaintiff, Terry Peter Authement, filed the instant civil rights complaint, alleging that on March 17, 2006, while incarcerated at the Terrebonne Parish Criminal Justice Complex ("TPCJC"), he was placed in "C-100 lockdown", specifically, "cell 108". (Rec. doc. 1, p. 3). Already housed in lockdown cell 108 was inmate Marieo Ernist who warned that if that "white boy", i.e., Authement, was placed in the cell with him, "I will rape him". (Rec. doc. 1, p. 3). Plaintiff states that Ernist, in accordance with his threat, raped plaintiff the following morning. Approximately 24 hours later, on March 19,

---

[1]The movant is referred to in plaintiff's complaint as "the Parish of Terrebone [sic]".

2006, plaintiff "was sent to the E.R." where he was treated for a dislocated right shoulder and "sexual assult [sic]." (Rec. doc. 1, p. 3).

I.  **STANDARD OF REVIEW**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986).  No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented.  <u>National Ass'n of Gov't Employees v. City Pub. Serv. Bd.</u>, 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of his claim.  <u>Id.</u>, citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 321-23 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." <u>Celotex Corp.</u>, 477 U.S. at 323.

2

**II.   ANALYSIS**

In support of its motion for summary judgment, the TPCG submits the following material facts which plaintiff, in his opposition, does not dispute:  1) Plaintiff was incarcerated in the TPCJC in March 2006; 2) The TPCG owns the TPCJC and operates the medical department at TPCJC; (Rec. doc. 21-8, p. 1); and, 3) The Terrebonne Parish Sheriff's Office operates the TPCJC.  (Rec. doc. 21-2, p. 4).  The TPCG argues that because plaintiff's placement in a particular cell, where he was allegedly raped and which serves as the basis of the instant action, did not involve his medical care, the incident was solely within the purview of the Sheriff's Office.  For this reason, the TPCG submits that it should be dismissed from the instant action.

In his opposition (rec. doc. 24), plaintiff points to a link between his medical care, or lack thereof, and his placement in the cell with inmate Marieo Ernist which led to his rape.  Plaintiff submits, and a copy of his "Medical History and Physical Examination Record" (rec. doc. 21-5) confirms, that plaintiff informed the TPCG medical department that he was allergic to potatoes.  However, medical personnel, according to plaintiff, did not place him on a potato-free diet.  Plaintiff asserts that if the medical department had placed him on a proper diet, he "would have never broken the rules", the consequence of which was his placement

in lockdown cell 108 with inmate Marieo Ernist and his eventual rape at the hands of Ernist.

As noted above, a party is entitled to summary judgment if there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In this case, no genuine issue of fact exists as to whether the medical department, under the control of the TPCG, played a role in plaintiff's placement in lockdown cell 108 which led to his rape. Plaintiff's suggestion that his failure to receive a potato-free diet caused him to break the rules is much too remote a cause in fact to prevent entry of summary judgment. Although plaintiff expressed his belief that his diet played some part in his being placed in isolation, he gives the Court no medical basis to reach the same conclusion.

Finally, even if plaintiff were correct regarding the part his diet played in his being placed on a disciplinary tier where he came into contact with Ernist, this is insufficient for purposes of keeping Terrebonne Parish Consolidated Government in this litigation. The doctrine of *respondeat superior* is inapplicable in suits brought pursuant to 42 U.S.C. § 1983. Plaintiff's claim against TPCG is based on the fact that the Parish employed individuals in the medical department who failed to properly do their jobs. This is a claim pursuant to *respondeat superior* and,

as such, plaintiff fails to state a claim upon which relief can be granted. <u>Harvey v. Andrist</u>, 754 F.2d 569 (5th Cir.), <u>cert</u>. <u>denied</u>, 471 U.S. 1126, 105 S.Ct. 2659 (1985); <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir. 1983); <u>Douthit v. Jones</u>, 641 F.2d 345 (5th cir. 1981).

For this reason, the TPCG, at this point, is entitled to summary judgment. Plaintiff's claims will proceed against the remaining defendants.

Accordingly, **IT IS HEREBY ORDERED** that the instant motion for summary judgment is **GRANTED**.

New Orleans, Louisiana, this   5th   day of    March   , 2008.

                                              _____
                                              ALMA L. CHASEZ
                                              UNITED STATES MAGISTRATE JUDGE